UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACUSHNET COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV257SNLJ |
| | ) |
| NED B. STORY and MARGIE A. STORY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

This matter is before the Court on defendant Margie A. Story's (hereinafter referred to as "M. Story") motion for summary judgment on her cross-claims against co-defendant Ned B. Story (hereinafter referred to as "N. Story") [104], filed October 27, 2011. As of today's date, co-defendant N. Story has failed to file a response to the instant motion.

The appropriate standard for consideration of all motions for summary judgment is as follows:

> "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for

> trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."

Torgerson v. City of Rochester, 643 F.3d. 1081, 1085 (8th Cir. June 1, 2011)( internal citations and quotations omitted); *see also*, Jackson v. United Parcel Service, Inc., 643 F.3d. 1031, 1042 (8th Cir. 2011)(*citing* Torgerson, *supra.*).

The facts relevant to the Court's consideration of the instant motion are undisputed. On August 29, 2011 this Court granted plaintiff Acushnet's motion for summary judgment as directed to defendant M. Story. *See*, Court Order [94]. The Court held that M. Story was jointly and severally liable for the corporate debt of Golf Discount incurred between September 2009 and February 2010 under the terms of a "open and continuing" guaranty signed by the defendants in 1993. The Court entered judgment for Acushnet and against M. Story for the amount of $342,913.69, plus interest, costs and fees.[1]

In 1997 the defendants separated and ultimately divorced. Pursuant to the Separation Agreement the defendants entered into on or about September 8, 1997, defendant M. Story was given certain financial considerations directly tied to the business of Golf Discount. The subject Separation Agreement [ M. Story's Exhibit B] states in relevant part:

> "NOW, THEREFORE, in consideration of the premises, mutual covenants herein contained and other good and valuable consideration, the receipt of which by each from the other is hereby acknowledged, the parties agree as follows:
>
> (b) HUSBAND shall be and is awarded, and WIFE hereby conveys to HUSBAND, any and all right, title and interest which she may have or does have in the following property:

---

[1] A similar order was entered as to defendant N. Story in connection with the plaintiff's *motion for* summary judgment as to defendant N. Story. *See*, Court Order [95], filed August 29, 2011.

2

- - - - - - - - - - - -

> (iii) All shares of stock and all right, title and interest in Golf Discount of St. Louis, Inc.

- - - - - - - - - - - -

26. <u>CHARGE ACCOUNTS.</u> HUSBAND and WIFE acknowledge and agree that they presently have certain outstanding liabilities for various charge accounts and other debts to be paid as follows:

> (a) HUSBAND shall be solely responsible for payment of the following debts:

- - - - - - - - - - - -

> 2. First Bank, Golf Discount Line of Credit.

- - - - - - - - - - - -

HUSBAND and WIFE each agree that they shall be responsible for the debts listed above and that each shall indemnify and hold harmless from any and all expenses or charges incurred on said debts or liability to include a reasonable attorney's fee.

- - - - - - - - - - -

28. <u>OTHER LIABILITIES.</u> HUSBAND and WIFE each agree that they shall be solely and separately responsible for any and all other debts, liabilities and obligations, other than those specific account liabilities and in the amounts as heretofore set out, which each may separately have incurred, and each agrees to indemnify and hold the other harmless from any costs, liability or expense in connection with any such debt or liability. Each party shall have the right to collect back from the other any money he/she so paid subsequent to the entry of the decree of dissolution on any debt that was to have been the sole and separate responsibility of the other party pursuant to this paragraph, together with his/her reasonable attorneys fees and Court costs incurred in collecting said money back from the other."

Defendant M. Story's Exhibit B.

On or about September 28, 2011, following the entry of the Court's order and judgment against defendant M. Story on plaintiff Acushnet's summary judgment motion, Acushnet and M. Story executed a Settlement Agreement and Mutual Release. Defendant M. Story's Exhibit C.

3

Inconsideration and in settlement of Acushnet's claims against defendant M. Story, defendant M. Story paid to Acushnet the sum of $330,000.00. Upon payment of this sum, Acushnet agreed to file a Stipulation of Dismissal as to defendant M. Story seeking a dismissal with prejudice of claims asserted by Acushnet against M. Story in the instant lawsuit.

On September 30, 2011 Acushnet and defendant M. Story filed a joint Stipulation for Dismissal with Prejudice. Document [101]. On October 3, 2011 this Court signed off on the joint Stipulation for Dismissal with Prejudice. *See*, Court Order [102].

On October 3, 2011 this Court entered a Final Judgment and Order for plaintiff Acushnet and against defendant N. Story for the total amount of $632,276.04, representing the judgment of $342,939.69 for the debt owed pursuant to the Guaranty per the Court's Order [95], plus attorneys' fees and non-taxable costs, with post-judgment interest calculated from August 25, 2011 at a *per diem* rate of $155.90. *See*, Court Order [103].

Defendant M. Story has incurred attorneys' fees and costs in the amount of $57,370.00 in connection with her defense in the instant lawsuit, and the subsequent settlement of all claims of Acushnet against her in the instant lawsuit. Defendant M. Story's Exhibit D.[2]

Defendant M. Story seeks 1) contribution for the full amount she paid under the Settlement Agreement with Acushnet; and/or 2) full indemnification for the $330,000.00 she

---

[2] In support of the declaration of attorneys' fees and costs incurred in defending this action, defendant M. Story's counsel has filed only his affidavit. Normally, an affidavit alone without any supporting documentation, would be inadequate for an award of attorneys' fees. In the future, any request for attorneys' fees and costs shall be supported by counsel's affidavit and documentation evidencing counsel's hourly rate, amount of billable hours and the nature of work performed, and the particulars as to costs incurred. However, since defendant N. Story has chosen not to respond to the instant summary judgment motion, and therefore, not to dispute the reasonableness or the amount of the attorneys' fees and costs sought, the Court will consider same without any additional documentation being filed.

paid under the Settlement Agreement and her attorneys' fees and costs of $57,370.00 for defendant N. Story's breach of their Separation Agreement.

Under Missouri law, when two (2) or more persons have obligated themselves as co-guarantors, the multiple guarantors will be jointly and severally liable for the entire amount guaranteed. Each of the multiple guarantors is required to bear a ratable proportion of the amount for which they are liable under the guaranty. Hammons v. Ehney, 924 S.W.2d. 843, 853 (Mo. 1996). "Absent proof to the contrary, it is presumed that co-obligors received equal benefit from the obligation and they must contribute equally to its payment. If there be any contrary agreement or other equitable reason for an unequal apportionment, the burden of alleging and proving such facts is on the proponent of such facts.". Betz v. Fagan, 962 S.W.2d. 432, 436 (Mo.App. 1998)(internal citations omitted). In the case of multiple guarantors, if one (1) co-guarantor pays more than his/her correct pro-rata share, s/he can seek contribution from the other guarantors for any sums pain in excess of the co-guarantor's proportionate share of the guaranty. Beeler v. Martin, 306 S.W.3d. 108 (Mo.App. 2010).

Defendant M. Story seeks 100% reimbursement from co-defendant/co-guarantor N. Story under her claim for contribution. Contribution and indemnity "are separate and distinct concepts". Beeler v. Martin, at 112, n.4 *quoting* SSM Health Care St. Louis v. Radiologic Imaging Consultants, 128 S.W.3d. 534, 539 (Mo.App. 2003). "Contribution distributes an obligation among obligors and requires each to pay a proportionate share, while indemnity shifts an obligation from one obligor to another." Beeler v. Martin, at 112, n.4 *quoting* SSM Health Care St. Louis, *supra*. Here, co-defendant/co-obligor M. Story seeks to shift responsibility for the entire guaranteed debt (or in the instant matter, the entire settlement payment for the

5

guaranteed debt) from herself to co-defendant/co-guarantor N. Story. This is not a proper contribution claim.

Ms. Story further contends that on equitable principles this Court should allow her contribution claim for the entire settlement payment on the guaranty debt against co-defendant N. Story. She contends that under a California state court case, Jans v. Nelson, 83 Cal.App.4th. 848, 857, 100 Cal.Rptr. 106 (September 14, 2000), equitable principles dictate full contribution from N. Story because she had reaped "no benefit" from Golf Discount after 1997, yet will "take the burden" for a debt incurred in 2009-2010. *See*, Jans v. Nelson, *supra.*

The Court has reviewed Jans v. Nelson, *supra.* and is not inclined to follow the dicta of a non-forum state court case. Furthermore, the Court does not find it inequitable to hold M. Story to the terms of the guaranty and the general principles of Missouri law regarding contribution between co-guarantors. Despite M. Story's constant insistence that she not be held accountable for the guaranty debt because "she simply forgot she had signed it", this Court has already found her liable for the debt as a co-guarantor. The Court has already held that under Massachusetts' law[3], co-defendant M. Story was bound by the terms of the guaranty despite her protestations that she had not read it or understand it prior to signing it. Her current contention that she should not "be on the hook" for the entire debt or even part of it because she had forgotten about it is simply another attempt to circumvent her previously adjudicated liability for the guaranty debt.

The subject guaranty was an "open and continuing" contractual obligation by both M. Story and N. Story for all present and future debts of Golf Discount unless either one or both terminated their respective obligation by providing written notice to Acushnet. The fact she may

---

[3] The subject guaranty had a choice of law provision favoring Massachusetts law, which this Court honored when interpreting and applying the provisions of the guaranty. *See*, Court Order [94], pg. 8, n.5.

have forgotten about the debt is not a viable excuse for this Court to grant her complete contribution for the $330,000.00 settlement payment.

As co-defendant M. Story concedes, she is entitled to contribution in the amount of $165,000.00 as the excess amount over her fair share of the debt as settled. Document [106], pgs. 2 and 6. The Court will grant M. Story's cross-claim for contribution in the amount of $165,000.00.

As for her cross-claim for indemnity and attorneys' fees, the Court will grant the full amount of $330,000.00, plus attorneys' fees in the amount of $57,370.00.

"Missouri recognizes both contractual indemnity in which parties agree that one party will protect the other party against liability or loss, and non-contractual indemnity.". Beeler v. Martin, at 110-11 (citations omitted). Missouri law allows for breach of contract actions under indemnity clauses; i.e., suing for breach of contract for failure to make good on the indemnification clause. *See*, Monarch Fire Protection District of St. Louis County, Missouri v. Freedom Consulting & Auditing Services, 678 F.Supp.2d. 927 (E.D.Mo. 2009) *aff'd* 644 F.3d. 633 (8th Cir. 2011). A breach of contract action includes the following essential elements: 1) the existence and terms of a contract; 2) plaintiff performed or tendered performance pursuant to the contract; 3) breach of the contract by the defendant; and 4) plaintiff suffered damages due to the breach by defendant. Bank of America, N.A. v. Reynolds, 348 S.W.3d. 858, 861 (Mo.App. 2011). Missouri law recognizes separation agreements as enforceable contracts. *See*, Hughes v. Davidson-Hughes, 330 S.W.3d. 114 (Mo.App. 2010); Bolton v. Bolton, 950 S.W.2d. 268, 270-71 (Mo.App. 1997).

Missouri follows the American Rule on attorneys' fees wherein each party must pay its own litigation expenses unless a statute specifically provides otherwise, or a contract provides for

them. Monarch Fire Protection Dist. of St. Louis County, Missouri v. Freedom Consulting & Auditing Services, 644 F.3d. at 637-38 *citing* Lucas Stucco & EIFS Design v. Landau, 324 S.W.3d. 444, 445 (Mo. 2010); St. Anthony's Medical Center v. National Service Industries, 2011 WL 4600671, *5 (E.D.Mo. October 3, 2011). In order for a party to recover attorneys' fees incurred in enforcing its right to indemnity under a contract, the indemnity clause at issue must expressly refer to the enforcement of the right to indemnity. Monarch Fire Protection Dist. of St. Louis County, Missouri, 644 F.3d. at 637-38 *citing* Nusbaum v. City of Kansas City, 100 S.W.3d. 101, 109 (Mo. 2003); St. Anthony's Medical Center, *supra*. Attorneys' fees may also be awarded pursuant to an indemnification clause in a separation agreement authorizing same for breach of the indemnification clause. Gibson v. Gibson, 687 S.W.2d. 274,276-77 (Mo.App. 1985).

In the instant case, the subject Separation Agreement clearly contemplates N. Story undertaking all debts and liabilities associated with Golf Discount and further holds that M. Story was to be held harmless "from any costs, liability or expense in connection with any such debt or liability." The Separation Agreement further clearly provides that N. Story was fully responsible for the payment of certain debts, including but not limited to, the line of credit for Golf Discount. Finally, the indemnification clause contained within the Separation Agreement clearly provides that either party was entitled to "reasonable fees and Court costs incurred in collecting said money back from the other."

It is undisputed that M. Story has performed all her obligations under the Separation Agreement. It is further undisputed that M. Story has paid for the settlement of the Golf Discount debt incurred by N. Story subsequent to the execution of the Separation Agreement. It is further undisputed that the Separation Agreement provides clearly for attorneys' fees and costs

8

incurred by M. Story in defense of this lawsuit seeking payment of the Golf Discount debt, and in settling the debt.  There is no genuine issue of material fact that co-defendant M. Story has proven all the necessary elements of her breach of contract action for failure to indemnify, and that the Separation Agreement provides for attorneys' fees and costs for N. Story's failure to hold her harmless from liability in connection with the subject Golf Discount debt.  The Court finds that co-defendant M. Story is entitled, as a matter of law for judgment on her breach of contract claim in the total amount of $387,370.00 representing contract damages in the amount of $330,000.00 and attorneys' fees in the amount of $57,370.00.

Dated this _8th_ day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE